■ MARIE SIGNORILE et al., Respondents, v LEFRAK-SBN AsSOCIATES et al., Appellants, and ROYAL PRUDENTIAL INDUSTRIES, Respondent. (And a Third-Party Action.) [637 NYS2d 732] —Order, Supreme Court, New York County (Charles Ramos, J.), entered on or about February 15, 1995, which, *inter alia*, denied defendant Squibb Corporation's motion and the defendant Lefrak entities' cross motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Issues of material fact remain as to whether defendants-

appellants owed a duty to plaintiff to enhance security measures in light of the similar attack that had taken place on plaintiff's co-worker in the same building about three months earlier. Since defendants-appellants were on notice of the prior incident in which the assailant also used the technique of guiding the elevator and the victim to a vacant floor, and since specific requests had been made about reprogramming the elevators so as to bypass vacant floors, it cannot be said as a matter of law that defendants "could [not] reasonably have been expected to have anticipated or prevented" the attack on plaintiff (*Davis v City of New York*, 183 AD2d 683).

The issue of whether their failure to reprogram the elevators to bypass the vacant floor was a proximate cause of the attack on plaintiff is one to be resolved by a jury (*Rotz v City of New York*, 143 AD2d 301, 304; *Pena v New York City Hous. Auth.*, 195 AD2d 395, 396). Finally, we note that issues of fact also remain as to whether the Lefrak entities or Squibb maintained control over elevator access to the floor where the attack occurred. Concur—Sullivan, J. P., Ellerin, Nardelli and Williams, JJ.